CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
June 26, 2026
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 5:26-cr-00014 |
| Russell Thomas Maddox, III, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the government's Motion to Stay, (Dkt. 43), and Motion to Revoke, (Dkt. 41), the Magistrate Judge's Release Order setting the conditions of release for Defendant Russell Thomas Maddox, III. For the reasons stated below, the court denies the government's motion to revoke and denies the motion to stay as moot.

### I.    Background

On June 5, 2026, Defendant was charged by a criminal complaint with violating 18 U.S.C. § 2422(b) (actual or attempted enticement of a minor to engage in prostitution or sexual activity), (Dkt. 3), and made his initial appearance on June 9 before United States Magistrate Judge Joel C. Hoppe, (Dkt. 11). On June 15, Judge Hoppe held a preliminary and detention hearing in which he found probable cause and ordered Defendant released on a personal recognizance bond and pretrial services supervision. (Dkts. 23, 30, 31.) His conditions of release included home incarceration, GPS monitoring, and device monitoring for any device connected to the internet. (Dkt. 32.) The next day, after the Probation Office completed a satisfactory home study, the court directed the Marshals to release Defendant from custody.

(*See* Dkt. 36.)  Defendant was released from custody around 1:00 PM on that day, June 16. (*Id.*)

Less than two hours after Defendant was released, the government filed a motion to stay Judge Hoppe's order denying the government's initial motion for detention.  (Dkt. 34.) Because Defendant had been released from custody, Judge Hoppe denied this motion as moot. (Dkt. 36.)  Two days later, the government filed a motion to revoke Judge Hoppe's release order, (Dkt. 41), and an emergency motion to stay the release order pending the District Court's resolution of the motion to revoke, (Dkt. 43).  Defendant responded on June 24, 2026, (Dkt. 46), and Defendant was indicted on the same day, (Dkt. 47).  The court has reviewed the transcript of Judge Hoppe's detention hearing, (*see* Dkt. 41-2), and has reviewed *de novo* the record.

## II.    Standard of Review

"If a person is ordered released by a magistrate judge . . . the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release."  18 U.S.C. § 3145(a)(1).  The district court reviews *de novo* the magistrate judge's detention order.  *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989).  The court "must make an independent determination of the proper pretrial detention or conditions of release."  *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001).

Under the Bail Reform Act of 1984, a court shall order an individual charged with a federal offense detained pending trial if it finds "that no condition or combination of

conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The government carries the burden of persuasion for detention proceedings. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). In determining whether the government has met its burden, the court considers: (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). If the court determines the government has not met its burden, then the court must release the defendant "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B).

### III.    Analysis

For certain offenses, including a charge under 18 U.S.C. § 2422(b), a rebuttable presumption attaches that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). To rebut this presumption, a defendant must "provide evidence that he does not endanger the community." *United States v. Carter*, No. 6:22-cr-00018, 2024 WL 5145977, at *3 (W.D. Va. Dec. 17, 2024). If the defendant provides such evidence, then it becomes one of several factors considered by the court, along with the § 3142(g) factors. *See id.* at *3–5. The government still retains the burden of persuasion. *Id.* at *3.

The government argues (1) that Defendant failed to offer evidence to rebut the presumption that he poses a danger to the community,[1] (Dkt. 41 at 9–12), and (2) that even if Defendant could rebut the presumption of detention, the § 3142(g) factors favor detention, (*id.* at 12–14).

To justify pretrial detention, the government has the burden of establishing, by "clear and convincing evidence," 18 U.S.C. § 3142(f), that "no conditions other than detention will reasonably assure the safety of any other person and the community," *United States v. Simms*, 128 F. App'x 314, 315 (4th Cir. 2005) (unpublished per curiam decision).  After weighing the factors set forth in 18 U.S.C. § 3142(g) and reviewing *de novo* the record, the court concludes that the government has not met its burden.

## A. Presumption of Dangerousness

Defendant sufficiently rebutted the statutory presumption here.   Defendant's burden "is not heavy," and he only must introduce "at least some evidence."  *Stone*, 608 F.3d at 945. The pretrial bail report indicates that Defendant has no prior convictions besides a speeding ticket, that he earned an associate's degree, that he has worked in welding for many years, and that he has joint custody of his son.  (Dkt. 22 at 2–3.)  It also noted that he has no history of mental health treatment, substance abuse history, or substance abuse treatment, and that he returned a clean drug screen in June 2026.  (*Id.* at 3.)  Additionally, at the detention hearing,

---

[1] The government does not argue that Defendant is a flight risk and conceded that he is not a flight risk in Defendant's detention hearing before Judge Hoppe.  (Hr'g Tr. 49:4–8 (Dkt. 41-2).)  Judge Hoppe found the same at the hearing.  (*Id.* 61:9–14.)

Defendant produced two family members—his sister and his mother—who were willing to serve as third-party custodians.  (Hr'g Tr. 36:4–39:17; 63:8–64:9.)

Courts have found the 18 U.S.C. § 3142(e)(3) presumption rebutted when defendants have put forth similar amounts and types of evidence as to Defendant in this case.  *See e.g.*, *United States v. Riggs*, No. 3:18-cr-00240, 2019 WL 404979, at *3 (S.D. W. Va. Jan. 31, 2019) (finding that the presumption was rebutted based on the testimony from the defendant's neighbor and wife that they did not believe he was a danger to the community); *Stone*, 608 F.3d at 947 ("The district court opinion discusses favorable information about each defendant's character and criminal history . . . [and] each defendant also produced a third-party custodian or other character witness to testify on his behalf."); *United States v. Tackett*, No. 5:25-cr-00029, 2025 WL 1105312, at *3 (E.D. Ky. Apr. 8, 2025) (relying on the testimony from the defendant's sister about "a living situation that could reduce (in [defendant's] view) the danger to the community" in finding the presumption rebutted).

The court finds Defendant has met his burden of production.  As noted above, this rebuttal does not "automatically entitle[]" Defendant to pretrial release, but is one of several factors considered by the court.  *Carter*, 2024 WL 5145977, at *3.

### B.  18 U.S.C. § 3142(g) Factors

Having considered the § 3142(g) factors, the court finds that the government has not met its burden to show, by clear and convincing evidence, that no combination of release conditions could ensure the safety of the community.  *See* 18 U.S.C. § 3142(e)(1), (f).

- 5 -

1. Nature and Circumstances of the Offense Charged

The nature and circumstances of the offense charged favor detention. The charged offense is so dangerous that Congress specifically set it apart to require a presumption of detention. *See* 18 U.S.C. § 3142(e)(3). There is no question that the allegations against Defendant—soliciting sex from a purported 15-year-old, asking her for nude images, and arriving at an agreed-upon location for sex—are dangerous and reprehensible.

2. Weight of the Evidence Against Defendant

The weight of the evidence against Defendant likewise supports detention. This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of Defendant's guilt. *United States v. Riley*, 635 F. Supp. 3d 411, 417 (E.D. Va. 2022) (quoting *Stone*, 608 F.3d at 948). Here, Defendant is alleged to have had troubling online conversations with, solicited naked pictures from, and arrived at a predetermined location to have sex with a purported minor. The court takes judicial notice of the Indictment and finding of probable cause by the grand jury. (Dkt. 47.)

3. History and Characteristics of Defendant[2]

Defendant's history and characteristics weigh against detention. Defendant does not have a history of drug or alcohol abuse, nor of evading the judicial system by failing to appear in court. (*See* Dkt. 22 at 2–3.) He has long-established ties to this community as he has lived in Virginia for his whole life, and in central Virginia for most of it. (*Id.*) He also has the

---

[2] The Bail Reform Act instructs the court to consider "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A).

- 6 -

support and presence of family members in the community.  He will reside with his parents and his sister, and his other sister frequently visits the house.  (Hr'g Tr. 38:2–11; 38:23-39:5.) His only prior conviction is for a speeding ticket.  (*See* Dkt. 22 at 3.)  He has been employed for most of his adult life.  (*Id.* at 2.)  He has no past conduct to suggest a pattern or likelihood of engaging in wrongdoing similar to the instant offense.

4.   Nature and Seriousness of the Danger to Any Person or the Community

The nature and seriousness of the danger to any person or the community weighs against detention.  In arguing that the danger posed to the community is high, the government puts forth Defendant's alleged conduct for the instant offense, including traveling to the meeting location; evidence that he had used the sex-work website before; allegations of a prior physical altercation with his now ex-wife; and the fact that Defendant attempted to evade the police while he committed the charged offense.  (Dkt. 41 at 13–14.)  Defendant thus argues that the government "relies entirely on the nature of the offense to support its argument of dangerousness."  (Dkt. 46 at 4.)

The Court acknowledges that Defendant is charged with a serious crime that comes with a severe penalty, and that the rebuttable presumption is that he should be detained pretrial.  But § 3142(g) requires the court to consider more than the dangerous nature of the offense; it must consider the full picture of the danger that Defendant poses to the community *upon pretrial release* given a set of release conditions and in light of this Defendant's history and characteristics.

The government failed to show by "clear and convincing evidence" that "no condition or combination of conditions will reasonably assure . . . the safety of the community." 18 U.S.C. § 3142(e)(3), (f). Judge Hoppe's strict release conditions[3] include, among others: 24/7 house incarceration; GPS monitoring; permission from Probation before use of any device connected to the internet; and device monitoring software for any approved devices. (*See* Dkt. 32.)

The court believes that these conditions for this defendant will reasonably assure the safety of the community. There is no evidence that Defendant poses a danger to his parents, with whom he resides. Defendant's mother told Judge Hoppe that she is willing and able to serve as a third-party custodian, that she understands the penalties she could face if she does not report any violations to Probation, and that she believes her son will listen to her and abide by the conditions. (Hr'g Tr. 63:8–64:5.) A home visit conducted by Probation found the residence suitable. (Dkt. 36.) The house incarceration and GPS monitoring conditions vastly minimize any physical danger that Defendant poses to the community. And the conditions regarding electronic devices ensure that Probation can monitor any of Defendant's online activity, thus minimizing the danger that Defendant poses to anyone via the internet. Thus, the government has not persuaded the court by clear and convincing evidence that Defendant is so dangerous that these strict release conditions are not enough to reasonably ensure the safety of the community.

---

[3] Indeed, the court agrees with Defendant that these conditions approach "the most restrictive conditions that exist, short of incarceration." (Dkt. 46 at 6.)

### IV.    Conclusion and Order

For these reasons, the court **DENIES** the government's motion to revoke detention, (Dkt. 41), and **DENIES as moot** the government's motion to stay Judge Hoppe's release order, (Dkt. 43).

**IT IS SO ORDERED.**

**ENTERED** this 26th day of June, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE